J-S40018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEFON JOHNSON, JR. | : | |
| | : | |
| Appellant | : | No. 1758 WDA 2018 |

Appeal from the PCRA Order Entered November 9, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001038-2014,
CP-25-CR-0002133-2014

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI, J.[*]

DISSENTING MEMORANDUM BY PELLEGRINI, J.: **FILED OCTOBER 31, 2019**

I respectfully dissent from the majority's holding that this appeal must

be quashed pursuant to **Commonwealth v. Walker**, 185 A.3d 969 (Pa.

2018).  The trial court entered its "Final Order" on November 9, 2018.  This

single order included a caption referencing two docket numbers, CP-25-CR-

0002133-2014 (2133) and CP-25-CR-0001038-2014 (1038).  As the majority

notes, the trial court only filed its Final Order at docket number 1038.  The

trial court docket as to docket number 2133 only has entries that refer to the

orders entered at docket number 1038.

In my view, **Walker** does not apply under the present facts.  First, the

trial court's failure to file its Final Order at docket number 2133 means that

_____

[*] Retired Senior Judge assigned to the Superior Court.

there is no appealable order in that case from which Johnson could seek review. Insofar as Johnson filed a notice of appeal as to that case, the appeal should be quashed and the case remanded for the trial court to enter a Final Order in the appropriate docket. Johnson's 30-day window in which to file a notice of appeal would not begin to run until the order is duly entered. **See** Pa.R.A.P. 301(a) ("[N]o order of a court shall be appealable until it has been entered upon the *appropriate* docket in the lower court.") (Emphasis added).

Second, the trial court's inclusion of two docket numbers in one order also calls into question whether any appealable order was entered at all. Pa.R.A.P. 301(b) makes an order appealable only if it is "set forth on a separate document." This case involves a single Final Order with two docket numbers, so even though the order was entered at docket number 1038, the violation of the separate document rule makes the entire order unappealable, and on that basis, the time to file a notice of appeal as to both of the above docket numbers has not yet begun to run.

Third, and finally, I would find **Walker** inapplicable as to docket numbers 2133 and 1038 because any defect in Johnson's notice of appeal resulted from a breakdown in court operations. The trial court did not just file the Final Order at only one docket number; the trial court also misadvised Johnson that a single order resolved both cases, and that a single notice of appeal would be necessary to invoke appellate jurisdiction.

The last line of the Final Order reads, "As this represents the Final Order with respect to this matter, Petitioner is hereby notified that he has thirty (30) days from the date of this Order to file his Notice of Appeal." It is difficult to construe the above line as anything other than an instruction that the single "Order" resolved a single "matter" which could be reviewed upon the timely filing of a single "Notice."

As we held in **Commonwealth v. Stansbury**, 303 EDA 2019, at *3 (Pa. Super. September 5, 2019), a party should not be held responsible for a procedural error that flows from a court's misadvice. **See also Commonwealth v. Villanueva**, 1863 MDA 2018, at *2 (Pa. Super. October 8, 2019) (unpublished memorandum) ("The trial court's inaccurate statement that Appellant could file a single appeal from the sentences at three different dockets constitutes a breakdown of court operations such that the resultant defect in the notices of appeal may be overlooked."); **Commonwealth v. Hackley**, 1769 MDA 2018, at *2 (Pa. Super. September. 23, 2019) (unpublished memorandum) (finding **Walker** inapplicable because "the trial court essentially told [the defendant] that there was one order, and that he was entitled to only one appeal.").

Thus, under the present facts, **Walker** should not apply.